**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Michael A. Urban, Nevada State Bar #3875
Nathan R. Ring, Nevada State Bar # 12078
4270 South Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Fax:   (702) 968-8088
Email: murban@luch.com, nring@luch.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTRI CONSTRUCTION COMPANY, a Nevada corporation,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT**<br><br>**[29 U.S.C. § 185(a) and § 1132(e)]** |

Plaintiffs TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST, and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST complain and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to § 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts jurisdiction over civil actions brought by a

fiduciary pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in § 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court also has jurisdiction over this case pursuant to § 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this Court pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and § 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the District in which the Plaintiff Trusts (defined below) are administered, the signatory union maintains its offices, and where the contractual obligation due.

4. To the extent this Complaint sets forth state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

5. Plaintiffs are the TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; AND TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST (hereinafter collectively "Plaintiffs" or "Trusts"). Plaintiffs are express trusts created pursuant to written declarations of trust (hereinafter "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12, (hereinafter "Local 12") and various employer associations in the construction industry in Southern California and Southern Nevada. The Trusts were created and now exist pursuant to § 302(c) of the Labor-Management Relations Act of 1947, as amended 29 U.S.C. § 186(c).

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction trades industry in Southern California and Southern

Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended 29 U.S.C. § 185(a).

7. Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in § 3(21)(A) of ERISA, as amended 29 U.S.C. § 1002(21)(A).

8. At all times material herein, Defendant, CONTRI CONSTRUCTION COMPANY (hereinafter "Contri"), has been a domestic corporation organized and existing by virtue of the laws of the State of Nevada with its principal place of business located in Las Vegas, Nevada.

## GENERAL ALLEGATIONS

9. Contri is bound to the Master Labor Agreement for Southern Nevada with Local 12.

10. The Master Labor Agreement is a written collective bargaining agreement negotiated between multi-employer associations in the construction industry and Local 12.

11. Contri agreed to be bound by the terms and conditions of the Master Labor Agreement ("Master Labor Agreement"), which also incorporates all terms and conditions of the Trust Agreements establishing the Trusts.

12. Contri is an "employer" as defined and used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, Contri is "obligated to make contributions to a multi-employer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. Plaintiffs are informed and believe and thereon allege that Contri is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Section 501(1) and Section 501(3) of the LMRA, 29 U.S.C. § 142(1) and § 142(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## FIRST CLAIM FOR RELIEF
**(Breach of Written Collective Bargaining Agreement and Trust Agreements – Contri Construction)**

13. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

///

14. Under the MLA and Trust Agreements, and at all times material herein, Contri was obligated to submit written reports to the Trusts on a timely basis showing the identity of its employees performing any work under the MLA and the number of hours worked by or paid to these employees. Furthermore, Contri promised it would pay fringe benefit contributions to the Trusts on a monthly basis and at specified rates for each hour worked by or paid to these employees. These amounts are due and payable at the Trusts' administrative offices in Pasadena, California.

15. Contri also agreed to ensure that all of its subcontractors were union subcontractors and protected the rates of pay and benefits under the MLA. Contri's failure to do this is a violation of Article I, Section B(8) of the MLA.

16. Contri is required to maintain adequate records of work performed by and the amounts paid to its employees. Under the MLA and Trust Agreements, Contri agreed to allow the Trusts and their agents to conduct an audit of Contri's payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the MLA and Trust Agreements.

17. An audit of Contri's payroll and related records was completed on or about February 25, 2015 and April 13, 2015. An audit report was released on October 16, 2015 and the results were provided to Contri with a demand for payment.

18. Plaintiffs' Employer Compliance Department audited the payroll and related records of Contri for the period of September, 2011 through December, 2014. The auditor discovered Contri failed to pay the Trusts the proper amount of fringe benefit contributions.

19. The following amounts are owed to the Trusts:

| | |
|---|---|
| Vacation/Holiday | $ 13,655.40 |
| Health & Welfare | $ 54,087.85 |
| Pension | $ 31,745.23 |
| Apprentice/Journeyman | $ 3,106.68 |
| Industry Advancement | $ 716.93 |
| Engineers Contract Compliance Committee | $ 669.13 |
| Contract Administration Fund | $    - |

| ADR | $ - |
|---|---|
| Total: | $ 103,981.22 |
| Liquidated Damages: | $ 10,398.12 |
| Audit Assessment Fees: | $ 525.00 |
| Interest | $ 4,694.65 |
| **Total Amount:** | **$ 119,598.99** |

20. Contri was given written notice of its non-performance and a demand to perform. Contri failed and refused to perform, and continues to fail and refuse to cure the breach of its obligations to the Trusts.

21. There is no legitimate or viable legal excuse for Contri's breach of the MLA and related Trust Agreements.

22. As of the date of filing this Complaint, Contri is "delinquent," as that term is used in the MLA and Trust Agreements.

23. Under the MLA, Trust Agreements and 29 U.S.C. § 1132(g)(2), Contri agreed that in the event it failed to pay contributions or contract damages when due, Contri would be considered delinquent with the Trusts and would pay the Trusts the sum of $25.00 per month or ten percent (10%) of the total amount then due, whichever is greater, as liquidated damages for each delinquency. Plaintiffs are informed and believe, and thereon allege, that liquidated damages are due to the Trusts by Contri in an amount to be established by proof at the trial herein.

24. Under the MLA and Trust Agreements, Contri also agreed that in the event of any delinquency, it would pay the Trusts' legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

25. All conditions, covenants and promises on the Trusts' part that are or were required to be performed as conditions precedent for Contri's performance under the MLA and Trust Agreements have been properly performed.

26. It has been necessary for the Trusts to engage the law firm of Laquer, Urban, Clifford & Hodge, LLP, for the purpose of collecting the amounts due. Pursuant to the MLA,

Trust Agreements and 29 U.S.C. § 1132(g)(2), the Trusts are entitled to their reasonable attorneys' fees incurred in this case.

27. Pursuant to 29 U.S.C. § 1132(g)(2) and the Trust Agreements, Contri owes interest to the Trusts, at the rates established pursuant to 26 U.S.C. § 6621, on all unpaid contributions from the dates the sums were originally due to the Trusts to the date of judgment. The amount of said interest will be established by proof at trial.

### SECOND CLAIM FOR RELIEF
### (Violation of 29 U.S.C. § 1145 – Contri)

28. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

29. Section 515 of ERISA, 29 U.S.C. § 1145, provides employers who are obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

30. All conditions, covenants and promises on the Trusts' part that are or were required to be performed as conditions precedent for Contri's performance, under 29 U.S.C. § 1145, have been properly performed.

31. As shown in the audit of Contri's payroll and related records, Contri failed to pay the proper amount of fringe benefit contributions to the Trusts.

32. Contri was given written notice of its non-performance and a demand to perform. Contri has failed and refused, and continues to fail and refuse, to cure its ongoing violations of the MLA and the Trust Agreements, which is a violation of Section 515.

33. There is no viable or legitimate legal excuse for Contri's violation of 29 U.S.C. § 1145.

34. Pursuant to 29 U.S.C. § 1132(g)(2), in any action by a fiduciary in which judgment is found in favor of the plan, the court shall award the plan: i) the unpaid contributions, ii) interest on the unpaid contributions, iii) an amount equal to the greater of a) interest on the unpaid contributions or b) liquidated damages provided for under the plan in an

amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court to be unpaid contributions, iv) reasonable attorneys' fees and costs, and v) such other legal or equitable relief as the Court deems appropriate. For purposes of 29 U.S.C. § 1132(g)(2), interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under § 6621 of the Internal Revenue Code of 1986, as codified at 26 U.S.C. § 6621.

35.  The exact amount of attorneys' fees, court costs, and interest allowed by federal statute have not been ascertained at this time. These amounts shall be established by proof.

36.  Pursuant to Section 502(g)(2)(E) of ERISA, as codified at 29 U.S.C. § 1132(g)(2)(E), the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of the plaintiffs' judgment, plaintiffs shall request the Court to:

    a.  Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

    b.  Order Contri to pay to the Trusts all amounts due including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, Contri Construction Company, as follows:

1. For unpaid fringe benefit contributions in amounts as proved;
2. For damages for breach of contract in amounts as proved;
3. For liquidated damages in amounts as proved;
4. For audit expenses in amounts as proved;
5. For interest at the rates established by 26 U.S.C. § 6621 on all fringe benefit contributions and/or damages until paid in full;
6. For Plaintiffs' reasonable attorneys' fees;
7. For Plaintiffs' costs of suit incurred herein; and

8. For such additional relief as this Court deems just and proper.

9. For such additional relief as this Court deems just and proper.

Dated:  November 24, 2015          **LAQUER, URBAN, CLIFFORD & HODGE LLP**

*/s/ Nathan R. Ring*
MICHAEL A. URBAN, Nevada Bar # 3875
NATHAN R. RING, Nevada Bar # 12078
4270 South Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Fax:   (702) 968-8088
Email: murban@luch.com, nring@luch.com